IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ALAN CRUZEN,**

    **Petitioner,**

v.                                              **Civil Action No. 1:06cv137**
                                                     **(Judge Keeley)**

**AL HAYNES,**

    **Respondent.**

## ORDER DENYING MOTION TO AMEND AND/OR SUPPLEMENT

On September 11, 2006, the *pro se* petitioner, Michael Alan Cruzen, a federal inmate, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On March 9, 2007, he filed a Motion to for Leave to Amend and/or Supplement Petition for Writ of Habeas Corpus Pursuant to Rule 15(a) and/or 15(d) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Federal Rule of Civil Procedure 15(d) provides that "[u]pon notion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

1

In his motion, the petitioner requests that this Court allow him to amend his complaint to include incident reports which he alleges establish that the disciplinary action complained of in his original complaint was taken in retaliation for his pursuing grievances against BOP staff. However, the petitioner did not exhaust his administrative remedies regarding these incident reports until after his complaint was filed. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005). The petitioner cannot circumvent that requirement by amending his petition to include incident reports which he failed to exhaust prior to filing the complaint. In addition, the incidents described in the reports are not events which have happened since the date of the original petition.

In his motion, the petitioner also seeks to include issues related to his transfer to and quarters at USP McCreary. Not only have these issues not been addressed through the administrative grievance process, they are wholly unrelated to the original petition under consideration.

Accordingly, the petitioner's Motion for Leave to Amend and/or Supplement (Doc. 17) is hereby **DENIED**.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the plaintiff at his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 20, 2007

./s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE