**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL ALAN CRUZEN,**

      **Petitioner,**

**v.**                             **CIVIL ACTION NO. 1:06CV137
(Judge Keeley)**

**AL HAYNES, Warden,**

      **Respondent.**

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 11, 2006, the pro se petitioner, Michael Cruzen ("Cruzen"), an inmate at the United States Penitentiary in Hazelton, West Virginia[1], filed an Application for Habeas Corpus pursuant to 28 U.S.C. 2241, seeking the expungement of disciplinary charges from his record, reinstatement of lost privileges, and restoration of Good Conduct Time credits.

Cruzen is serving a one hundred forty four month sentence followed by a four year term of supervised release for Conspiracy to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. § 846. The sentence was imposed by the United States

---

[1]Since filing his petition, Cruzen has been transferred to USP McCreay which is located in Kentucky. However, jurisdiction over a § 2241 petition is determined at the time of filing of the petition. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Thus, this Court continues to have jurisdiction over this matter.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

District Court for the Southern District of Iowa on April 25, 2003.
(dkt. no. 5-3). Cruzen was originally designated to the Federal
Correctional Institution in Manchester, Kentucky on July 22, 2005.
(dkt. no. 5-5 p. 1).

On February 13, 2006, an incident report was prepared charging
Cruzen with a violation of Prohibited Code 224/Assaulting Any
Person. (dkt. no. 5-5, p. 1). The report indicated that
Correctional Officer P. Lainhart ("Lainhart") was delivering food
trays to the special housing unit ("SHU") at 4:33 p.m. on February
13, 2006, and when she placed the tray on the food slot of Cruzen's
cell, he used profanity and indicated that he did not want the
tray. Lainhart then removed the tray and closed the food tray
door. While Lainhart was attempting to lock the food tray door,
Cruzen pushed the tray door open, causing it to strike Lainhart's
right wrist. (dkt. no. 5-5 p. 6). A copy of the incident report
was delivered to Cruzen on February 15, 2006. (dkt. no. 5-5 p. 1).

On February 15, 2006, the investigating officer, Lieutenant J.
Bowling, read the charges to Cruzen and asked for his statement
regarding the incident after advising Cruzen of his right to remain
silent and also informing him that his silence might be used to
draw an adverse inference against him, but that his silence alone
could not be used to support a finding that he had committed a

<u>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION</u>

prohibited act.[2] (dkt. no. 5-5 p.7). Following his investigation, Lieutenant Bowling concluded that the incident report was warranted and referred it to the Unit Disciplinary Committee ("UDC") for an initial hearing.

The UDC considered the charges on February 21, 2006. Cruzen was given notice of his rights at the UDC hearing. The UDC then referred the charges to the Disciplinary Officer for further hearing. The UDC recommended 30 days disciplinary segregation and loss of 27 days of GCT should Cruzen be found to have committed the prohibited act. The UDC advised Cruzen of its findings and of his right to file an appeal within 20 calendar days. (dkt. no. 5-5 p.6).

By form, dated February 21, 2006, Cruzen was advised of his rights with regard to the disciplinary hearing. Cruzen indicated that he wished to have Counselor J. Smith as his staff representative at the disciplinary hearing and requested the video be reviewed. He did not, however, identify any witnesses that he wished to call. (dkt. no. 5-6 p.2).

The Discipline Hearing Officer ("DHO") hearing was held on April 10, 2006. The DHO found that Cruzen had committed the Prohibited Act Code 224, Assaulting Any Person. In reaching its decision, the DHO considered: (1) the written statement of

_____

[2]As indicated below, Cruzen disputes this fact.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Lainhart, the victim of the assault; (2) the written statement of
Correctional Officer G. Davidson, a witness to the assault; (3)
Cruzen's inmate injury assessment; (4) Lainhart's staff injury
assessment; (5) Cruzen's written and oral statements from the UDC
hearing and the DHO hearing; (6) Cruzen's refusal to make a
statement to the investigating officer; and (7) Counselor Smith's
description of the contents of the video tape of the incident.  The
DHO sanctioned Cruzen to 30 days of disciplinary segregation,
forfeiture of 60 days of non-vested good conduct time, and loss of
commissary privileges for one year.  The DHO also recommended a
disciplinary transfer.  The DHO report was delivered to Cruzen on
April 14, 2006.  (dkt. no. 5-5 pp. 1-5).

Cruzen filed an appeal with the Regional Office on May 5,
2006.  That appeal was rejected for failure to provide a copy of
the DHO report.  However, Cruzen was provided ten days in which to
reapply.  Cruzen reapplied on June 15, 2006 and was rejected
because he did not reapply within the ten day extension.  Cruzen
then filed an appeal to the General Counsel level.  The General
Counsel denied his appeal on August 1, 2006.  Thereafter, Cruzen
filed the instant § 2241 petition.  (dkt. no. 5-2).

On September 20, 2007, United States Magistrate Judge James E.
Seibert issued a report and recommendation ("R&R") recommending
that Cruzen's 2241 petition be denied and dismissed with prejudice

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

(dkt. no. 24). On October 19, 2007, Cruzen filed objections to the R&R (dkt. no. 31).

## II. Objections

Cruzen objects to the R&R on the following four grounds. First, he objects to the factual assertion that Lieutenant Bowling informed Cruzen "that his silence might be used to draw an adverse inference against him." Cruzen asserts that he was advised, pursuant to 28 CFR 541 et seq., that his "silence will be used against him to support guilt."

Second, Cruzen asserts that Counselor Smith failed to function as his staff representative when he testified about the contents of the video recording. Cruzen argues that the tape should have been brought to the hearing and viewed by the DHO in Cruzen's presence instead of being summarized by Counselor Smith.

Third, Cruzen asserts that the Magistrate Judge failed to address Cruzen's claims that the sanctions imposed by DHO were unreasonable under 28 CFR 541 et seq. Fourth, Cruzen asserts that the Magistrate Judge also failed to address his claim that the sanctions were cruel and unusual punishment in violation of the Eighth Amendment.

## III. Analysis

A.  *First Objection-Adverse Inference*

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Cruzen objects to the factual assertion that Lieutenant Bowling informed Cruzen "that his silence might be used to draw an adverse inference against him." Cruzen asserts that he was advised, pursuant to 28 CFR § 541 et seq., that his "silence will be used against him to support guilt." After reviewing the record, it is clear that Cruzen's position is without merit. Item 23 on page 7 of docket number 5-5, indicates that the Magistrate Judge's version of the facts is accurate. Furthermore, 28 CFR § 541.14(b)(2) also supports this conclusion. The Court, therefore, **OVERRULES** this objection.

B.  *Second Objection-Counselor Smith*

Cruzen asserts that Counselor Smith failed to function as his staff representative when he testified about the contents of the video recording. Cruzen argues that the tape should have been brought to the hearing and viewed by the DHO in Cruzen's presence instead of being summarized by Counselor Smith.

"The requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. Even if Counselor Smith's testimony were excluded from the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

evidence, there is still evidence in the record to support the conclusion reached by the disciplinary board.[3]    The Court, therefore, **OVERRULES** this objection.

C.  *Third Objection–Sanctions Unreasonable*

Third, Cruzen asserts that the Magistrate Judge failed to address Cruzen's claims that the sanctions imposed by DHO were unreasonable under 28 CFR § 541 et seq.  However, Cruzen did not assert this ground in his § 2241 petition.  (dkt. no. 1).  The Court, therefore, **OVERRULES** this objection.

D.  *Fourth Objection–Eighth Amendment*

Cruzen asserts that the Magistrate Judge also failed to address his claim that the sanctions were cruel and unusual punishment in violation of the Eighth Amendment. Cruzen, however, did not assert this ground in his § 2241 petition.  (dkt. no. 1). The Court, therefore, **OVERRULES** this objection.

**IV.  Conclusion**

This Court **ADOPTS** Magistrate Judge Seibert's Report and Recommendation in its entirety, **OVERRULES** all of Cruzen's

---

[3]The DHO report indicates that the evidence considered included (1) the written statement of Lainhart, the victim of the assault; (2) the written statement of Correctional Officer G. Davidson, a witness to the assault; (3) Cruzen's inmate injury assessment; (4) Lainhart's staff injury assessment; (5) Cruzen's written and oral statements from the UDC hearing and the DHO hearing; and (6) Cruzen's refusal to make a statement to the investigating officer.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

objections, and **ORDERS** that Cruzen's case be **DISMISSED WITH PREJUDICE.** The Court further **ORDERS** the Clerk to **STRIKE** this case from the Court's docket.

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: October 25, 2007.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE